# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ZAPATA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-210-2

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Zapata was convicted by a jury of conspiracy to commit murder and sentenced to life imprisonment. Zapata contends that there was insufficient evidence to convict him of the charge because there was no proof that he agreed to kill the victim with premeditation and malice aforethought. He asserts that the government's witnesses, a majority of whom

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were fellow inmates looking for a sentence reduction, were not credible. He also asserts that there was no DNA evidence linking him to the murder.

As the government argues, Zapata did not move for a directed verdict based on insufficient evidence at the close of the government's case or at the close of all the evidence. Therefore, the sufficiency of the evidence is reviewed for a manifest miscarriage of justice. *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008); *see also United States v. Delgado*, 672 F.3d 320, 328-31 (5th Cir. 2012) (en banc). We will reverse only if "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking." *Salazar*, 542 F.3d at 142 (internal quotation marks and citation omitted).

Conspiracy to commit murder is defined as two or more persons conspiring to violate the murder statute, "and one or more of such persons do[ing] any overt act to effect the object of the conspiracy." 18 U.S.C. § 1117. The requisite mental state is that required for the substantive offense. *United States v. Harrelson*, 754 F.2d 1153, 1172 (5th Cir. 1985). First degree murder under 18 U.S.C. § 1111(a) is premised upon the common-law concept of "first degree murder, which in addition to malice aforethought requires a killing with premeditation and deliberation[,] . . . involv[ing] a prior design to commit murder." *United States v. Shaw*, 701 F.2d 367, 392 (5th Cir. 1983).

There was ample evidence presented for a rational jury to find that Zapata conspired with other members of the Mexican Mafia to kill a member of another group with malice aforethought and premeditation. *See United States v. Agofsky*, 516 F.3d 280, 282 n.2 (5th Cir. 2008). To the extent Zapata argues that his testimony was more credible than the government's witnesses' testimony, "the weight and credibility of the evidence is within the exclusive province of the jury." *United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004). Further, Zapata fails to show that the testimony of his coconspirators

relates to facts outside their observation or knowledge. *See United States v. Valdez*, 453 F.3d 252, 257 (5th Cir. 2006). Because the record is not devoid of evidence establishing Zapata's guilt, his conviction and sentence are AFFIRMED. *See Salazar*, 542 F.3d at 142-43.